Gloria BEIRNE, individually and on behalf of all other persons similarly situated, Plaintiffs-Appellants,

v.

SECRETARY OF the United States DEPARTMENT OF AGRICULTURE; and Anthony Mitchell, individually and in his capacity as Executive Director of the Utah Department of Social Services, Defendants-Appellees.

No. 80–1560.

United States Court of Appeals, Tenth Circuit.

Submitted Nov. 12, 1980.

Decided April 8, 1981.

Lucy Billings, Utah Legal Services, Inc., Salt Lake City, Utah, and W. Paul Wharton, Utahns Against Hunger, Salt Lake City, Utah, for plaintiffs-appellants.

Ronald L. Rencher, U. S. Atty., Wallace Boyack, Asst. U. S. Atty., District of Utah, Salt Lake City, Utah, James Michael Kelly, Associate Gen. Counsel, Raymond W. Fullerton, Asst. Gen. Counsel, U. S. Dept. of Agriculture, Washington, D. C., for defendants-appellees.

Before McKAY, LOGAN and SEYMOUR, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). This cause is therefore ordered submitted without oral argument.

This appeal attacks the trial court's determination that the Secretary of the United States Department of Agriculture may lawfully enforce his regulation set out at 7 C.F.R. § 271.3(c)(1)(iii) in the form in which it was promulgated on July 15, 1974. 39 Fed.Reg. 26003. The challenged regulation deals with which educational expenses may be deducted from gross income in determining the net income of Food Stamp Program[1] applicants. An individual's level of participation in the Food Stamp Program is dependent largely upon his net income.[2] Appellant contends that the regulation was promulgated in violation of applicable provisions of the Administrative Procedure Act, *see* 5 U.S.C. § 553, and must be held invalid.

The challenged regulation was preceded by a regulation properly promulgated in 1971 which read:

Deductions for the following household expenses shall be made:

.    .    .    .    .

(f) Educational expenses which are for tuition and mandatory school fees, including such expenses which are covered by scholarships, educational grants, loans, fellowships, and veterans' educational benefits.

7 C.F.R. § 271.3(c)(1)(iii)(f) (1972 ed.), 36 Fed.Reg. 14107 (July 29, 1971). This version of the regulation constituted the center of the controversy in *Hein v. Burns*, 371 F.Supp. 1091 (S.D.Iowa), *vacated and remanded*, 419 U.S. 989, 95 S.Ct. 297, 42 L.Ed.2d 260 (1974) [*Hein I*]. The plaintiff in that case argued, and the three-judge district court agreed, that the regulation allowed a deduction for expenses incurred in travelling to and from school. The court held that

---

1. *See* Food Stamp Act of 1964, § 2, 78 Stat. 703 (current version at 7 U.S.C. §§ 2011–2027).

2. The Food Stamp Act of 1964, § 5, 78 Stat. 704, provided that "The Secretary ... shall determine national standards of eligibility by households in the food stamp program .... The standards established by the Secretary, at a minimum shall prescribe the amounts of household income and other financial resources ... to be used as criteria of eligibility." This language was changed somewhat by the Food

Stamp Act of 1977, § 1301, 91 Stat. 962 (current version at 7 U.S.C. § 2014) but the 1964 version is controlling here. Section 1303(b) of the 1977 Act provides that "Pending proceedings under the Food Stamp Act of 1964, as amended shall not be abated by reason of any provision of the Food Stamp Act of 1977 ...." In any event, it does not appear that the Secretary's treatment of "income" for purposes of food stamp eligibility was changed by the 1977 Act.

a more reasonable interpretation of [the regulation], and the one adopted by this Court, is that the phrase "such expenses" refers not to "tuition and mandatory school fees," but to the general classification "educational expenses." So construed, the subsection may be read as allowing deduction of educational expenses including educational expenses which are covered by scholarships, educational grants, etc.

371 F.Supp. at 1094–95. The United States Supreme Court vacated this decision and remanded the case for reconsideration in light of the intervening regulation which is challenged here. The current regulation reads:

Deductions for the following household expenses shall be made (this list is inclusive and no other deductions from income shall be allowed):

.     .     .     .     .

(f) Tuition and mandatory fees assessed by educational institutions (no deductions shall be made for any other education expenses such as, but not limited to, the expense of books, school supplies, meals at school, and transportation).

7 C.F.R. § 271.3(c)(iii), 39 Fed.Reg. 26003 (July 15, 1974). As the clear language of the current regulation mandates, the three-judge district court determined on remand that *only* expenses attributable to tuition or mandatory school fees were deductible. *Hein v. Burns*, 402 F.Supp. 398 (S.D.Iowa 1975), *reversed sub nom. Knebel v. Hein*, 429 U.S. 288, 97 S.Ct. 549, 50 L.Ed.2d 485 (1977) [*Hein II*].[3]

There is a third version of the challenged regulation that must also be considered. The current regulation was preceded by a proposed regulation which read:

Deductions for the following household expenses shall be made:

.     .     .     .     .

(e) Educational expenses which are for tuition and mandatory school fees. This includes those tuition and mandatory

school fees which are covered by scholarships, educational grants, loans, fellowships, and veterans' educational benefits.

7 C.F.R. § 271.3(c)(1)(iii)(e), 39 Fed.Reg. 3644 (January 28, 1974). Appellant concedes that had the rule *proposed* in January 1974 been *promulgated* as written, it would be valid as properly promulgated in accordance with APA standards.

█ It is appellant's contention that the original regulation and the proposed regulation are virtually identical and that the only real change is accomplished in the wording of the final regulation. However, it is apparent that the proposed regulation does, in fact, differ from the original regulation insofar as it precludes the reading given the original regulation by the three-judge court in *Hein I*. By explicitly tying "includes" to "tuition and mandatory school fees," and deleting the term "such expenses," the proposed regulation makes it significantly clearer that *only* tuition and mandatory school fees are to be deducted from a food stamp applicant's gross income. This comparison of the proposed regulation to the original regulation also makes clear that the regulation finally promulgated in July 1974 is only another, perhaps clearer, way of saying what was explicit in the proposed regulation. This grammatic excursion may border on the academic, but it effectively rebuts appellant's claim that the proposed regulation did not provide her or other interested parties with the kind of notice that would have prompted them to comment on the proposed change as was their right under 5 U.S.C. § 553.

Section 553 provides, in relevant part:

(b) General notice of proposed rule making shall be published in the Federal Register, unless persons subject thereto are named and either personally served or otherwise have actual notice thereof in accordance with law. The notice shall include—

.     .     .     .     .

---

3. The three-judge district court determined that the new rule violated the plaintiff's right to

Equal Protection and Due Process. The Supreme Court disagreed.

(3) either the terms or substance of the proposed rule or a description of the subjects and issues involved.

Assuming that the original rule was correctly interpreted by the three-judge court in *Hein I*, it is clear that the proposed regulation effectively set out the "terms" and "substance" of the Secretary's intention to preclude such an interpretation. The bare words of the proposal were adequate to alert those interested and they should have submitted their comments if they opposed the change. We reject the argument that the rule finally promulgated changed either the effect of or the intent behind the proposed rule. A mere change in wording does not require an agency to enter into a new round of rule making procedures.

██ It is a well settled and sound rule which permits administrative agencies to make changes in the proposed rule after the comment period without a new round of hearings. *American Iron & Steel Inst. v. Environmental Protection Agency*, 568 F.2d 284 (3d Cir. 1977). To hold otherwise would "lead to the absurdity that in rule making under the APA the agency can learn from the comments on its proposals only at the peril of starting a new procedural round of commentary." *International Harvester Co. v. Ruckelshaus*, 478 F.2d 615, 632 n.51 (D.C. Cir. 1973). A limitation on this principle is that the changes be in "character with the original scheme and [be] foreshadowed in proposals and comments advanced during the rulemaking." *South Terminal Corp. v. Environmental Protection Agency*, 504 F.2d 646, 658 (1st Cir. 1974). The changes in the instant case were for clarity only and therefore insubstantial and certainly foreshadowed by the proposed rule.

The Rule issued in July 1974 was lawfully promulgated and the trial court correctly granted summary judgment in favor of the Secretary.

AFFIRMED.